UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA MAUDINE NICKELL,<br><br>Petitioner,<br><br>v.<br><br>NANCY T. McKINNEY, Interim Warden,[1]<br><br>Respondent. | Case No. 23-cv-06059-YGR (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a federal prisoner incarcerated at the Federal Correctional Institution in Dublin, California[2] has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[3]  Dkt. 1. Petitioner has paid the filing fee.  Dkt. 5.

It does not appear from the face of the petition that it is without merit.  Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve electronically a copy of this order upon the respondent and respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov;

---

[1] Nancy T. McKinney, the current interim warden of the prison where petitioner is incarcerated, has been substituted as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure

[2] The Court is aware of the circumstances at FCI Dublin and the satellite camp and has ordered the installation of a special master.

[3] As petitioner is incarcerated within the Northern District of California and her petition challenges the execution of her federal sentence, venue is proper in this district.  *See Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989).

1 (2) Michelle.Lo@usdoj.gov; and (3) kathy.terry@usdoj.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **sixty (60) days** of the date this Order is filed, an answer to this petition, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all exhibits that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the Answer, petitioner shall do so by filing a Traverse with the Court and serving it on respondent within **twenty-eight (28) days** of petitioner's receipt of the Answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **twenty-eight (28) days** after the date petitioner is served with respondent's Answer.

4. Respondent may file with this Court and serve upon petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files a motion to dismiss, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition to the motion within **twenty-eight (28) days** of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also*

2

*Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on respondent's counsel all communications with the Court by mailing a true copy of the document to respondent's counsel.

      6.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

      IT IS SO ORDERED.

Dated: March 26, 2024

_____
YVONNE GONZALEZ ROGERS
United States District Judge

3